O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint**

Before this Court is Touchstone's Motion to Dismiss Plaintiff's First Amended Complaint. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.  PROCEDURAL BACKGROUND

On May 25, 2007, David Delman ("Delman"), representing himself, filed a lawsuit in this Court based on allegations that he had been wrongfully terminated in violation of his rights. The Complaint named as defendants Entertainment Partners Group, Inc. ("EPGI"), The Walt Disney Company ("Disney"), Raymond Iwata ("Iwata"), and several Doe defendants. Before Delman filed a proof of service on these defendants, Delman himself was sued by GEP Cencast, LLC ("GEP") for cybersquatting, trademark infringement, trademark dilution, and unfair competition in another lawsuit, CV 07-3506 PA (PJWx).

In apparent response to GEP's lawsuit against him, on September 10, 2007, Delman filed a First Amended Complaint ("FAC") adding several new causes of action and naming GEP[1] as a defendant. On November 20, 2007, the Court ordered all Delman's allegations against GEP dismissed from the FAC.

---

[1] As noted in the Court's previous orders, Delman's FAC only named Disney and GEP as defendants, and thus, Delman voluntarily dismissed Iwata and EPGI as defendants.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

Delman then filed a motion asking for permission to file a Second Amended Complaint ("SAC") seeking to add new defendants and to rename GEP as a defendant. Finding that Delman's proposed SAC sought to raise causes of action completely unrelated to the current lawsuit, on May 15, 2008 the Court denied Delman's motion to file a SAC without prejudice.

Now, Defendant Touchstone Television Productions, LLC ("Touchstone"), erroneously named and served as The Walt Disney Company, seeks to dismiss the remaining claims in the FAC asserted against it. Delman's surviving causes of action are: (1) conspiracy to defraud; (2) violation of civil rights under the Fourteenth Amendment; (3) violations of the Americans with Disabilities Act; (4) intentional infliction of emotional distress; (5) fraud and deceit; and (6) "exemplary damages."

II. LEGAL STANDARDS

   A.   *Motion to Dismiss (FAC)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides a mechanism for a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). The complaint must allege sufficient facts to raise a right to relief above the speculative level. *See id.* (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).

In deciding a 12(b)(6) motion, a court must accept as true all factual allegations in the complaint, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and views these allegations in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). The Federal Rules only require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

  *B.*  *Allowances for Pro Se Litigants*

  "Although a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint [can] not be cured by amendment," *O'Neal v. Price*, 531 F.3d 1146, 1149 (9th Cir. 2008) (citation omitted), in some circumstances, dismissal of a pro se litigant's complaint with prejudice may be warranted. *See id.* (citing *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996)).

III.  DISCUSSION

  *A.*  *Delman's Fraud Claim*

    1.  Legal Standard to Plead Fraud

  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). The allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). The Ninth Circuit has further explained that fraud allegations must include the details of the circumstances such as "times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner*, 6 F.3d at 672 (*citing Semegen*, 780 F.2d at 731).

    2.  Delman's Failure to Adequately Plead Fraud

  Here, Delman has not pleaded the details of fraud required by Rule 9(b). The pleading has no clear and concise statement about the fraud that Delman claims Touchstone committed against him. There is mention of a person named "Lester" that it appears Delman is associating with Touchstone. However, this is not specifically stated. The FAC alleges that Lester promised Delman a union voucher position, even though Delman later learned that Lester had no authority to give the promise. Yet, there is no indication of how Delman was induced to rely on Lester's promise of union work and, consequently, how that inducement harmed Delman. Moreover, the pleading does not state that Lester was ever a Touchstone representative or that he presented himself as such. Thus, Delman's FAC fails to link Touchstone to Lester's fraud. Consequently, the Court grants Touchstone's motion to dismiss on this claim, without prejudice.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

    B.    *Delman's Conspiracy to Defraud Claim*

        1.    Legal Standard to Plead Conspiracy to Defraud

Under both federal law and California law, pleading conspiracy requires that the basic elements of the conspiracy be included in the pleading. *Wasco Prod's, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 990 (9th Cir. 2006). The plaintiff "must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Wasco Prod's, Inc.*, 435 F.3d at 999 (citing *General American Life Insurance Co. v. Rana*, 769 Supp. 1121 (N.D. Cal. 1991)).

        2.    Delman's Failure to Adequately Plead a Conspiracy to Defraud

Delman's civil conspiracy claim is based on his allegations of fraud. However, nowhere in his FAC does Delman state the required basic elements of civil conspiracy as set by both federal and California law. As previously stated, there is no clear indication of any connection between Touchstone and Lester, let alone how they conspired against Delman. Furthermore, by his own admission, Delman contradicts his conspiracy allegations by stating that he was fired because he was unruly and disruptive on the set. (Complaint at 9.) Thus, Delman has failed to state the basic elements of a civil conspiracy claim, and the Court grants Touchstone's motion to dismiss this claim, without prejudice.

    C.    *Delman's Fourteenth Amendment Claim*

"Equal protection claims are considered under a two-step analysis." *Sagana v. Tenorio*, 384 F.3d 731, 740 (9th Cir. 2004). First, a plaintiff must show that government action results in members of a certain group receiving different treatment from other persons based on membership in that group, and second, a court assesses the legitimacy of the discriminatory government action under the appropriate level of scrutiny. *See id.* Delman's Fourteenth Amendment equal protection claim fails because he has failed to allege any specifics for his claim. Delman does not state how any governmental entity discriminated against him. Indeed, the sole remaining named defendant, Touchstone, is not a government entity. Thus, the Court dismisses this claim, without prejudice.

    D.    *Delman's ADA claim*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

        1.        Legal Standard to Bring an ADA Claim

"[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tours, Inc. v. Martin*, 532 U.S. 661, 675, 121 S. Ct. 1879, 149 L. Ed. 2d 904 (2001). Additionally, "Title IV of the ADA precludes retaliation against employees who seek to enforce their statutory rights under the ADA." *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1064 n. 54 (9th Cir. 2005) (citation omitted).

Title I of the ADA contains an exhaustion of administrative remedies requirement before a federal court may assert subject matter jurisdiction over an employment discrimination claim brought under the ADA. "The ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and that, absent special circumstances ..., such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA. *Accord Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *Stewart v. County of Brown*, 86 F.3d 107, 111 (7th Cir. 1996); *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n. 3 (8th Cir. 1996)." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir. 1999). *See also Sumner v. Sacred Heart Medical Center*, 2005 WL 2415969, at *2 (E.D. Wash. Sept. 30, 2005); *Milsap v. U-Haul Truck Rental Co.*, 2006 WL 3797731, at *5 (D. Ariz. Dec. 20, 2006).

        2.        Delman's Failure to Plead Exhaustion of Administrative Remedies for his ADA Claim

Here, Delman appears to allege a wrongful termination claim in violation of Title I of the ADA. However, the allegations are vague and inadequate in numerous ways, and importantly, Delman fails to allege that he exhausted his administrative remedies before filing his Title I ADA claim. Although Touchstone has failed to address this issue, the Court finds no reason to assume that Delman has satisfied the exhaustion of administrative remedies requirement. Thus, the Court dismisses Delman's claim for violation of Title I of the ADA for lack of subject-matter jurisdiction, without prejudice.

        *E.*        *Delman's Intentional Infliction of Emotional Distress Claim*

        1.        Legal Standard to Plead Intentional Infliction of Emotional Distress

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

In California, the elements of a prima facie case for the tort of intentional infliction of emotional distress are "1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; 2) the plaintiff's suffering severe or extreme emotional distress; and 3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209, 649 P.2d 894 (1982) (citing *Cervantez v. J.C. Penny Co.*, 24 Cal. 3d 579, 593, 595 P.2d 975 (1979)). Additionally, "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson*, 32 Cal. 3d at 209.

  2. Delman's Failure to Adequately Plead Intentional Infliction of Emotional Distress

Delman's claim of intentional infliction of emotional distress does not state a cause of action because he fails to plead essential elements of the tort, such as extreme and outrageous conduct by Touchstone. Delman states that he was involved in an altercation and was terminated. Although it may be unfortunate that he lost his job, Delman pleads no facts to give credence to the assertion that Delman's termination was extreme and outrageous. The Court thus grants Touchstone's motion to dismiss this claim, without prejudice.

  F. *Delman's Claim for Exemplary Damages*

  1. Legal Standard for Punitive damages

Lastly, there is no separate cause of action for punitive damages in California. *McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1163, 29 Cal. Rptr. 2d 559 (1994). To obtain exemplary damages, a plaintiff must first prove that there was a tortious act that gave rise to actual, presumed, or nominal damages. *See id*.

  2. Delman's Faulty Exemplary Damages Claim

Here, Delman incorrectly asserted exemplary damages as a separate claim and has not specified which of his other claims should serve as a basis for exemplary damages. If, in the future, Delman succeeds in pleading a claim upon which exemplary damages may be based, then he may seek exemplary damages on that claim. Presently, the Court finds that Delman has incorrectly plead a claim for exemplary damages. Thus, the Court dismisses this claim, without prejudice.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

G. *Delman's Generally Inadequate Complaint*

In summary, Delman has failed to state a claim upon which relief can be granted, and dismissal of his FAC, without prejudice, is warranted under Rule 12(b)(6). His complaint is filled with redundancies and irrelevant information. Sifting through his allegations is an arduous task; Delman's allegations include disconnected rambling and are not in conformity with Rule 8(a). What can be ascertained from his complaint provides nothing more than generalized accusations against Touchstone. The Ninth Circuit has stated that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1171, 1179-80 (9th Cir. 1996). These types of complaints are unfair to other litigants "awaiting their turns to have other matters resolved. . . " *Id*. at 1180. This is currently Delman's third try at pleading this case (not taking into account his first attempt to file this action that was summarily dismissed by the another judge).[2]

Thus, the Court dismisses Delman's First Amended Complaint. Delman may file a Second Amended Complaint correcting the inadequacies in his FAC, within twenty-one days from the date of entry of this order. If he chooses to file a Second Amended Complaint, Delman must file a short and plain restatement of his claims, pursuant to Rule 8(a), and must allege facts that clearly state how Touchstone violated his rights. Delman must link his factual allegations to his legal claims. Finally, Delman may not use this opportunity to add new and unrelated causes of action.

IV.   CONCLUSION

---

[2] CV 07-2876

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-3423 PSG (CWx) | Date | Aug. 21, 2008 |
|---|---|---|---|
| Title | David Delman v. Entertainment Partners Group, Inc., et al. | | |

    For the foregoing reasons, the Court GRANTS Touchstone's motion to dismiss. The Court dismisses all the remaining claims, without prejudice.  Delman may file a corrected Second Amended Complaint within twenty one days from the date of entry of this order.

    **IT IS SO ORDERED.**